## STATE of Maine

v.

## James HART and Sandra Hart.

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1994.

Decided April 22, 1994.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee, Asst. Dist. Atty., Portland, for the State.

Seth Berner, Peter Evans, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

GLASSMAN, Justice.

By this consolidated appeal from judgments of conviction entered in the Superior Court (Cumberland County, *Fritzsche, J.*) after jury verdicts finding James Hart and Sandra Hart guilty of possession of heroin, 17–A M.R.S.A. § 1107 (Supp.1993),[1] and possession of hypodermic apparatuses, 17–A M.R.S.A. § 1111 (Supp.1993),[2] the defendants

---

* Collins, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

1. Section 1107 provides in pertinent part:
    1. A person is guilty of unlawful possession of a scheduled drug if that person intentionally or knowingly possesses what that person knows or believes to be a scheduled drug, and which is, in fact, a scheduled drug....
    ....
    2. Violation of this section is:

    A. A Class C crime if the drug is heroin (diacetylmorphine).

2. Section 1111 provides, in pertinent part:
    1. A person is guilty of possession of hypodermic apparatuses if he intentionally or knowingly furnishes or possesses a hypodermic apparatus....
    ....
    2. Possession of hypodermic apparatuses is a Class D crime.

challenge the trial court's determination that their compulsion to possess the materials because of their addiction to heroin was not duress as defined by 17–A M.R.S.A. § 103–A (1983).[3] We affirm the judgments.

The present charges were brought against the defendants following the discovery of fourteen bags of heroin and seven hypodermic needles and syringes in their possession when police officers executed a warrant for the search of the defendants and the automobile in which they were traveling. After receiving the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), each of the defendants stated they had purchased the heroin in Lowell, Massachusetts, had used a portion of the heroin, and were returning to Portland with the remainder.

On the first day of the trial of this matter, the defendants asserted they intended to raise the defense of duress. They contended this defense was generated because their heroin addiction compelled them to possess the contraband or face imminent serious bodily injury. The court stated that such a defense would defeat the purpose of the legislation prohibiting the possession of heroin and hypodermic apparatuses and ruled as a matter of law the defense was not applicable in the present case.

To preserve the issue for appeal, the defendants made an offer of proof which revealed the following: The defendants would have presented testimony concerning the effects of heroin, the nature of the addiction and of withdrawal from the use of the drug, the compulsion to obtain heroin to avoid the pain of withdrawal, and the absence, during the relevant time, of any program in the State of Maine designed to address heroin addiction. Testimony would also have been presented establishing that these defendants in fact became seriously ill as they underwent various stages of withdrawal following their arrest. James Hart would have testified that his addiction was brought about not by his own choice, but rather, through the ingestion of opium-based pain killers prescribed by a physician for a leg injury that he had suffered. Sandra Hart would have testified that she turned to drugs because the normal course of treatment could not alleviate the pain she suffered as a result of severe emotional trauma as a child. The defendants were found guilty of the charged offenses, and this appeal followed.

The defendants contend that the duress defense as articulated in section 103–A encompasses threats from other than third persons, and accordingly, it was error not to extend the application of the defense to the facts of the present case. We have previously stated:

> A thing may be within the letter of the statute and yet not be within the statute because it is not within its spirit nor within the intention of its makers. The Legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction and illogicality.

*State v. Rand*, 430 A.2d 808, 817 (Me.1981) (citation omitted). The Legislature clearly recognized the addictive properties of heroin when it made the mere possession of the substance a crime. *See* 17–A M.R.S.A. § 1101(7)(A) (1983) (defining "opiate" as "[a]ny substance having an analgesic and addiction forming or addiction sustaining property...."). Accordingly, we refuse to attribute to the Legislature an intent to excuse

---

**3.** Section 103–A provides, in part:

1. It is a defense that, when a defendant engages in conduct which would otherwise constitute a crime, he is compelled to do so by threat of imminent death or serious bodily injury to himself or another person or because he was compelled to do so by force.

2. For purposes of this section, compulsion exists only if the force, threat or circumstances are such as would have prevented a reasonable person in the defendant's situation from resisting the pressure.

3. The defense set forth in this section is not available:

....

B. To a person who recklessly placed himself in a situation in which it was reasonably probable that he would be subjected to duress....

those who are addicted to heroin from criminal responsibility for its possession. *Cf.* 2 Legis.Rec. B1723–B1726, B1786–B1789 (1975) (debating decriminalization of a personal use amount of marijuana); 22 M.R.S.A. § 2383 (1992) (possession of a usable amount of marijuana is a civil violation).

The entry is:

Judgments affirmed.

All concurring.